Mr. Lowenstein, if you are ready, you may proceed. Thank you very much. May it please the Court, my name is David Lowenstein and I represent Appellant Richard Merton with me at Council Table Sandy Wishout. This case is about whether Mr. Merton's claim for a psychiatric disorder was still pending in 1983 and today because the VA never issued a statement of the case so that Mr. Merton could appeal his claim. Before the Board is permitted to make a finding of facts... Let me just ask you a procedural question. Did you raise this below with the Court of Veterans Claims because maybe I missed it but I didn't see a treatment of this question below. Yes, the issue of whether the Board and the Court had jurisdiction over the claim was raised below at the Court level. On the question of the deficiency of the SOC? Correct. That was raised in the briefs before the Veterans Court. And the Veterans Court, did they deal with it? The Veterans Court dealt with the issue and found that they found procedurally that the supplemental statement of the case in fact served as a statement of the case and therefore that the 1968 Board decision when it addressed the issue and we dispute whether the Board actually addressed the psychiatric disorder but it felt that it, in the Veterans Court's opinion, found that either implicitly or explicitly denied the claim. And so the issue of whether a statement of the case was required, that was raised before the Court and that was raised in the briefs before this Court. Was the contention that the psychiatric disorder claim remained pending in appellate status raised before the Board? No, Your Honor. It was conceded that the issue was first raised before the Veterans Court. Well then, why did the Veterans Court have jurisdiction to rule on this? We argue that the Veterans Court did not have jurisdiction. It was an argument and the Veterans Court, under its authority, can address issues raised for the first time. We argue that the Veterans Court, under Holland v. Gober and Hudson v. Principi, Hudson being this Court's decision, should have, instead of addressing the merits of the case, should have remained in the case back to the Board with instructions to issue a statement of the case because the appeal process had stopped back in 1968. But you agree with the government, right? The government is making the argument, right, that the CAVC did not have jurisdiction. We agree that the Veterans Court did not have jurisdiction. We disagree as to the ultimate remedy in this case. We argue that this Court should find that the Veterans Court lacked jurisdiction on the issue and remand to the Board with instructions to issue a statement of the case. Isn't that what the government's arguing? That we should rule that the Veterans Court did not have jurisdiction and therefore we should vacate the determination? I'll allow the government's attorney to specifically address this issue. I believe his argument is similar but the ultimate remedy is not to instruct the Veterans Court to remand the case with instructions to issue a statement of the case. I believe the government's position is that the Veterans Court lacked jurisdiction and that should be the end of the matter. So you raised this with the Court of Veterans Claims but not on the merits, only for the purposes of saying you all need, the case was before the Court of Veterans Claims at that point? Yes, Your Honor. And so you only raised it for purposes of saying the remedy you were seeking for them was to send it back to the Board so that the Board could determine whether or not it made a sufficient determination for us? Essentially, yes, Your Honor. The Court decided to address the issue on the merits. We believe that was an error. The Veterans Court does have jurisdiction to review arguments raised in the first instance but we believe it erred because based on Holland and Hudson, that Court and this Court has instructed in such situations where you have an appeal that's pending to remand the case so that the full procedural process can be completed. Well, what procedural process do you seek? I mean, the Board could go back and could raise the fact that their opinion was deficient because it didn't address the issue sufficiently and they say what the CABC said, which is no, it was implicit or sufficiently explicit to be okay. Theoretically, the Board could do that but under the process that's designed by Congress is that there needs to be, following the notice of disagreement on the claim, there needs to be the issuance of the statement of the case. And the law back in 1968, which still applies today, is that a statement of the case is issued so that the Veteran is put on notice as to exactly why the decision was denied? I guess, I'm sorry, and maybe I'm the only one, but I'm a little confused by that because it seems to me now you're conflating the SOC issue, which I appreciate the argument you make here on deficiency, and whether or not the Board's opinion was sufficiently explicit. Aren't those two different things? They're two different things. Our primary argument, Your Honors, is that the statement of the case first should be issued. There's many implications there because notice needs to be given as to why the decision was made. The Veteran needs to have an opportunity to present additional argument or evidence in order to substantiate the claim. That's one road. The other road is the second question Your Honor asked, and that is whether the Board decision in 1968 implicitly or explicitly denied the psychiatric disorder. So they're two really separate procedural deficiencies that you're arguing here, right? Right, but I don't believe this Court needs to get into the second question as to whether the 1968 Board decision implicitly or explicitly decided the decision because the Board in 1968 lacked jurisdiction to review the merits. And that's the fundamental issue. The Board's NOD had been filed in a statement of the case or a supplemental statement of the case had not come out after the NOD. There had been both a statement of the case and a supplemental statement of the case before the NOD, right? Correct. There was no statement of the case issued on the psychiatric disability. But why doesn't that supplemental statement of the case, which was before the NOD, provide the notice? I mean, it goes through the issue in detail. I mean, it seems like a matter of timing, and I understand the statute lays out the timing, but it does provide the notice. Respectfully, I would disagree. The supplemental statement of the case specifically is designed for one person, and that is to address any additional evidence or arguments or really evidence that's submitted. The supplemental statement of the case came before the notice of disagreement. So procedurally, a statement of the case or supplemental statement of the case cannot be presented before a notice of disagreement. It has to follow. You realize if you are correct, then that means the Board didn't have jurisdiction over the case, right? Correct. But it was the Board that awarded your client a 50% disability for alopecia, so that would actually be improper. Because if the Board didn't have jurisdiction, the Board didn't have jurisdiction to make that award either, so we've got to vacate that award somehow as well. I don't believe Your Honor needs to do that because the— No, it's made at the same time. It's all part of the same process. If the Board didn't have jurisdiction to do one, it didn't have jurisdiction to do the other. The case had been fully developed before it got to the Board on the alopecia areata claim. There was a notice of disagreement, a statement of the case, and substantive appeal, and then a supplemental statement of the case. But your argument is the Board doesn't have jurisdiction because there wasn't a statement of the case after the NOD. You can't have a little bit of jurisdiction, like pregnant, right? You are or you aren't. Correct. They got it or they don't. So if they didn't have jurisdiction, they couldn't have awarded the 50% to your client. I believe the distinction is that it had jurisdiction over the alopecia areata claim because it had been fully developed. But the— The NOD you're discussing—the NOD you're talking about discussed the alopecia as well. It did, but there's two— So that issue is covered as well. Again, I respectfully disagree because one issue, the Board had limited jurisdiction to remand the case for the issue instead of statement of the case. There's no requirement that both issues need to have been remanded by the Board. But your NOD addressed alopecia. If there was a failure of process to do a statement or supplemental statement of the case following the NOD, it would apply as well. How could it not apply to the alopecia? You know, if you're saying you don't have jurisdiction to go to the Board to act on a statement of the case that addresses the issues raised in the NOD, which I think procedurally you're right about, that's one of the issues. I don't know what to do about that. I think— I don't particularly want to take away its benefits, but I kind of feel like you're sort of in a catch-22. I would submit, Your Honor, that it's not a catch-22 because the Board had limited jurisdiction over the psychiatric disorder claim. And under the law, it should have remanded for that particular issue. There is nothing wrong with deciding and actually granting the alopecia areata claim. It had jurisdiction over that issue. So you're making the distinction here between—or arguing that there were two claims in effect, a claim for alopecia and a claim for the psychiatric disability resulting therefrom. Correct. There were two separate claims. And the first claim, the claim for alopecia, was fully developed and was consistent with the orderly process with the notice of disagreement statement of the case, supplemental statement of the case. But there was no statement of the case with respect to the separate claim for psychiatric disability.  Exactly, Your Honor. Isn't the point of the SOC requirement to put the veteran on notice so he'll have sufficient basis upon which to know what arguments he should bring to bear before the Board? Essentially. It seems to me—I mean, you take issue with the Board because they didn't do an explicit finding, but they certainly discussed, they treated the issue of the psychiatric evaluation sort of the same amount—to the same degree they treated the issues with respect to alopecia. So it doesn't—at least it doesn't appear on the face of what the Board did that the veteran— are you saying that the veteran wasn't on notice in any way, shape, or form about what the issue was with respect to the psychiatric evaluation? Yes, Your Honor. I mean, procedurally, the claim for psychiatric disability was a secondary service connection claim. And under the law, the statement of the case would have needed to inform the veteran of what the law is with respect to secondary service connection. The government says that the supplemental statement of the case provided that law. There's no law as to what is required to substantiate the claim for secondary service connection. Also, the statement of the case is necessary to inform the veteran of why the decision was denied. That was not accomplished in the supplemental statement of the case. The supplemental statement of the case is absent a discussion as to why the decision was denied. And so we don't—I would respectfully submit that whatever the Board did, it should not have—it didn't have jurisdiction to address the matter. Do you think the doctrine of harmless error applies? I mean, if we were to send a dap, is there a harmful—you know, and they said, well, you haven't shown that it's up to you to show that the result would have been different. Do you take issue with the fact that the harmless error doctrine would apply in this circumstance? It certainly is prejudicial because the veteran can— That's not my question. My question is whether or not that doctrine would apply in the first instance. Not whether you would prevail on that doctrine or not, but whether or not that is the appropriate evaluation. I don't believe it is, Your Honor. I think the harmless error issue is not—should not be put into the equation when you have procedural development that needs to be accomplished and that's required by law. You're well into your rebuttal. Would you like to reserve your time? I would. Thank you. All right. Thank you. Mr. Austin, good morning. Good morning, Your Honor. Thank you, Your Honor. May it please the Court. Your Honor was exactly right. Mr. Merton is conflating two separate issues. The first issue is that this Court does not possess jurisdiction to entertain this case because the Veterans Court did not possess jurisdiction to entertain this case. If the Court agrees with us on that issue, the Veterans Court should not have reached the issue of whether or not the August 1968 Board decision was a final one. So does he have any recourse, therefore? I mean, if we were to rule in that regard, can he turn around tomorrow and file something with the Board and say, you have—this is not on the SOC issue. That's separate. But on this issue, so are you—is the government agreeing that he could— even if the Veterans—Court of Veterans Plaintiffs did not have jurisdiction, he would have recourse to go back to the Board? Yes, Your Honor. Yes, absolutely, because the problem was— So he gets the same thing either way, right? I'm not sure. I mean, he's speaking from us. I mean, if he were to prevail in his argument, then we would send it back to the Board. I guess I'm not understanding why we're here at all. Well, we shouldn't be here. I mean, that's basically our problem. The Veterans Court didn't have jurisdiction to entertain the appeal. They should not have entertained it. Well, I think that's what he said as well. Well, they're saying that now. That wasn't their argument below. Their argument below was that the Board didn't have jurisdiction. There was an error in the Board's—the Veterans Court erred on the merits. Remember, the merits here—it gets confusing. The merits here are really whether or not the Board's August 1968 decision was final. The Veterans Court should not have decided that issue because— not for the reason they say we're claiming, but for a totally separate reason. But either way, you both agree that it's the Board that should have decided that in the first instance rather than at least the Board and not the Court of Veterans Claims, right? You both agree with that, right? That's right. That's right. They're agreeing with that in their reply brief. And that has to be the case because when Mr.— remember, it was the 1968 Board decision sat still with no repercussions until 2002. In 2002, a claim is filed to reopen the Alopecia claim. I'm sorry to interrupt, but just on that point. Certainly. So do you both agree that a remand would be in order? Or what would be the process to get it back to the Board? Would he have to file something anew? Anew. Anew. Because what the Veterans Court should have done when Mr. Merton raised the issue of the Board's decision in August 1968 not being final is to say we don't have jurisdiction to entertain that claim. Is he going to be time-barred in any way or under procedural requirements if he were to turn around tomorrow and go over to the Board and file something with the Board? You said, I think, to me earlier that he would be— As far as we're concerned, they're free to do that. I mean, he could contend before the Board. The question was should it be the RO or the Board, but I don't think the Board might refer it. Now just moving on. So then the second issue, the SOC issue, is that kind of the same thing, which is that's something the Board—he should make that argument to the Board, and then the Board at least will make a threshold determination as to the sufficiency or lack thereof. That's right. And you don't think he's time-barred or whatever for just walking over to the Board tomorrow and filing anew this kind of— He could tomorrow—this Court should dismiss this case for lack of jurisdiction. Tomorrow, Mr. Merton could go probably to the RO rather than the Board and say, A, the August 1968 Board decision was not final, so decide it now. But alternatively, if you disagree and think that the Board's decision was final, then we contend that there was clear and unmistakable error in the Board's decision because it was a final decision. Or alternatively, we want to reopen that claim because we now have new and material evidence. There's nothing to foreclose them from doing it. The error here by the Veterans Court got it right on the merits as far as we're concerned, but we don't think this Court or the Veterans Court should have reached that issue. Did you represent—I mean, you were both before the Veterans Court. Did you represent to the Veterans Court you ought not to take this up because you don't have jurisdiction? To my knowledge, we did not, and we should have. I don't know that the issue of whether or not the Veterans Court had the decision to address this issue was raised by anybody. It should have been. It should have been considered. And to us, the answer is very easy because the Veterans Court can only decide decisions of the Board under the Andre case and under 38 U.S.C. Section 7252A. There is no decision by the Board on whether or not the Board's August 1968 decision was a final decision. And your position with respect to the SOC issues would be identical, therefore, that the Court of Veterans Claims or we cannot deal with the question of the sufficiency of the SOC. That's right. The Board has to do it in the first instance, or does the RO have to do it? That's a more difficult decision. I think the proper procedure for that would be to raise it before the RO, but it could be raised before the Board, and I suspect the Board would want to refer the decision to the RO. But that's not really, and the Board would have jurisdiction either way to entertain it, but it probably would want to refer it to the RO for the RO to decide, first of all, whether or not the Board's decision was final, the Board to then review it, and only then could it go to the Veterans Court. So that's really where the case ends. We feel very strongly that the Veterans Court was correct in its decision that the August 1968 Board decision was final, but we don't feel the Court can reach that, nor should the Veterans Court have reached it. Can I ask you just on the merits? I know you don't think we should reach it, but on the merits of the SOC argument in terms of the adequacy of the case, what is the government's position? Well, first of all, our position is that the Veterans Court analysis was exactly right. The implicit denial rule makes that question basically moot, Your Honor, because what the implicit denial rule says is that the Board's decision was a determination upon the merits, and therefore, if you want to raise the type of issues that the claimant is making, the statement of claim had to be filed, there was no notice of disagreement, anything like that, you would do that upon an appeal of that decision. So in other words, the Board's decision would be treated just like any other decision of the Board, and one of the issues you could raise would be you should remand because there was no statement of the case filed, or any other reason you felt the Board's decision was improper. Would the government say that they didn't raise it adequately before the Board, so they waived it? I think that could be. I mean, these would go to the merits of the appeal. The problem is here on a final decision, you have to, since it's final, you have to contend CUE, and all these arguments go away because it wouldn't constitute clear and unmistakable error. The issue they do raise is that, well, the Board's decision, this SOC issue is a jurisdictional one, and that's completely wrong. It's not a jurisdictional issue, it's a procedural issue. It's like 38 U.S.C. Section 7104D, did the Board give adequate statements of its reasons and basis for the decision? That's something you can raise on appeal, but you can't raise that on CUE because it's not clear and unmistakable error. So all those issues go away. The Board had jurisdiction because, I mean, that's basically getting the cart before the horse to contend that there was no proper statement of the case when you have a final decision, because that's an argument you raise when you appeal a decision, but not in a CUE claim. In fact, the Board had a decision. I looked very carefully and couldn't find any decisions of this Court that were directly on point as to why this is not a jurisdictional decision, but the Veterans Court in the Archbald case, which we cited in our brief, made very clear that it doesn't believe it's jurisdictional because what the Court said in Archbald was, yes, there was no statement of the case filed by the VA here, but it really doesn't matter because there was a notice of disagreement that was filed that gave the Board jurisdiction and there was a substantive appeal, and so all the merits were there, so there was no harm done because all the information was there, and then proceeded to address the appeal. So it's not jurisdictional. It's a procedural issue. Very frankly, I'm finding this very confusing. I'm just trying to wrap my head around these arguments. Their argument, as I understand it, on this second issue is that they filed an NOD, there was no statement of the case on the psychiatric disorder, so when the Board then addressed it, the Board lacked jurisdiction. The Board couldn't go forward and decide that issue because it had not been resolved properly by the RO. So why isn't that an appealable procedural defect so that we could decide the Board lacked jurisdiction, vacate the award, and send it all the way back for a proper resolution in the first instance? Ignoring the first layer of problem, that the Veterans Court didn't have jurisdiction? Assuming I don't agree with you on that, and I think that there was an explicit determination made below and amounted to a final decision, which was then appealable. I think I understand your question because it is a complicated one. The issue before the Board is not a jurisdictional one. The failure to file a statement of the case would not deprive the Board of jurisdiction. It would be a procedural defect. Why wouldn't it? It hasn't been finally resolved by the RO. If there's an NOD pending that hasn't been addressed, I understand that result is still an open, unresolved issue at the RO level. Why does the Board have jurisdiction to consider an appeal of something that hasn't been finally resolved at the RO level yet? I don't think there's a contention it wasn't finally resolved at the RO level. I think the contention is that the statement of the case was not filed. That's what I understand to be required by the statute to allow the case to proceed to the RO level. It is required by the statute. That's a procedural requirement, but it's not a jurisdictional one as addressed in the Archibald case. Why? Because the statement of the case is what puts them on notice as to clearly how the RO believes they are not entitled to what it was that they sought, and then the issue is ripe for appeal because everybody understands. Your Honor, I might direct your attention to the Jones case, if I might. If Your Honor were correct, the Jones case is the discourse decision that applied the implicit denial rule to Board decisions. In the Jones case, there was no SSC file, so that if their argument were right, there could never be an implicit denial rule applied to a Board decision. There could be in some cases, but in many cases, there's not an SSC. It's getting the cart before the horse. What the implicit denial rule says is that the notice that's supplied by the decision puts the claimant on sufficient notice so that this counts as a decision. Therefore, you need to appeal it, and if you appeal it, you can then contend. In the Jones case, wasn't there a separate decision by the Board? I mean, I remember Jones being distinguishable, but you're saying we should apply it here. Absolutely. You're certainly not saying this issue is governed by Jones. You recognize there are distinctions between the two. There are distinctions, but they are not meaningful distinctions. Okay? There are really two types of implied implicit denial decisions. There's the Adams v. Chautel type, and there are the Williams type. Jones was a Williams type, and the difference is in Adams and v. Chautel, there was one decision, but those cases really involved the R.O., and it decided one of two claims, and this Court held it implicitly denied the other. Williams, on the other hand, was one claim at one time, the identical claim at a later time. They're both implicit denial decisions. If their argument were right and Jones doesn't apply, then you would have to conclude that the logic of Jones wouldn't apply to this other type of implicit denial decision. Well, everything suggests the opposite. If you read the Jones decision, not only does it cite v. Chautel and Adams with approval, but it uses the test from Adams to determine that the bottom line is was the claimant placed on reasonable notice. There's absolutely no basis from Jones to conclude that this Court felt that it would only apply the implicit denial to Board decisions in the Williams context, which was identical to Jones, but not in the Adams and v. Chautel context, which is identical to the case that we have here. In fact, if you look at v. Chautel, the facts are almost identical to this one, because in v. Chautel, the claim that was implicitly denied was a claim in which the basis for concluding that the claimant was on notice is that there was a medical examination in which it was determined that there was no psychiatric injury, which is exactly what happened here. So I guess my answer is Jones is absolutely controlling here, because the distinction that they've made is not meaningful, and the other point I was trying to make is that in many of these cases where the implicit denial rule is applied, there could be an argument that there's a problem under section 7104d with respect to the Boards not articulating its reasons and basis. But if that were true, then the implicit denial rule couldn't apply to Board decisions. Of course, that's a binding panel decision, and it was correct, because it's the cart before the horse. Your argument is there was an implicit denial, he didn't appeal, so the Veterans Court didn't have jurisdiction to address it. Oh, no, no, that's conflating the two issues. Well, as you can see, I'm bewildered by this argument. There's two separate things going on, and they get conflated, but the Veterans Court, Your Honor, if I could try to clarify it this way, the Veterans Court not having jurisdiction has nothing to do with what happened in the 1960s. It only has something to do with what happened in 2002. In 2002, the Veteran filed a claim to increase the alopecia award. That went through the system all the way through 2008 when the Board made its decision. Not until it got to the Veterans Court in 2010 did Mr. Merton raise for the first time that the 1968 Board decision was not a final decision. That's the question Judge Prost asked when you first stepped up, which is it seems like you're asking for the same thing Mr. Merton's asking for. It is very close, given their reply brief. The only difference, I believe, is if they agree with us that the Veterans Court didn't have jurisdiction, then there is very little difference between our positions. What they want is a remand instructing the Board to address this issue of the 1968 Board denial whether it was a final decision. But if we find they didn't have jurisdiction, how do we have jurisdiction to decide what we should send it back on? That's precisely right. And my understanding is you're saying that they have a right to go back either to the Board or to the RO and request that question be resolved anyway. That's right. That's right. And Your Honor is exactly right. This Court can't instruct the Veterans Court to remand if it concludes the Veterans Court didn't have jurisdiction. But Your Honor is also correct that he can go back tomorrow and file this claim when we work our way through.  Thank you Mr. Austin. Mr. Lawson. Thank you. I'd like to address... I'm not sure there's anything left to debate here. I think as far as what remedy is involved here, I don't believe that Mr. Merton can just go to the Regional Office or the Board and submit an argument saying my claim is pending. Because the Veterans Court addressed the issue. So if this Court finds... But we vacated that decision. Which is what you're saying we should do. We vacated that decision. Is there anything that would bar your client from going either to the RO or to the Board and requesting a ruling on this question of finality? If the Veterans Court decision is vacated, then there is that opportunity for Mr. Merton to file a claim. My hesitation initially is that as far as whether the claim should be crafted as a clear and unmistakable error or new material evidence, that type of claim would be precluded. Well, that type of claim is not... What can we do about that? What do you want us to do about that? You agreed that the Court of Veterans Claims didn't have jurisdiction. Besides agreeing with you and saying the decision before us was improper because there was no jurisdiction by the Court of Claims, what more are you seeking from us? And what more do you think we can do for you? I don't think this Court can do more other than it could find that the Veterans Court erred by having jurisdiction over the issue. And I don't think this Court would be out of line to instruct, based on Hudson v. Principi and Howland v. Gobert, that the Court, based on the procedural history that has not been developed, to instruct that the Board remand the case to the regional office for the statement of the case. That is the fundamental issue that's lacking in this case. And at its core, that's what's needed. Unless this Court has further questions. Thank you very much. All right. Thank you. Thank you. All council, the case is submitted.